UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CV-62503-HUNT

HUDSON TREVISAN,
RODNEY BROCK, and
all others similarly situated under
29 U.S.C. § 216(b),

    Plaintiffs,

v.

SOMERSET PHASE IV & PHASE V, LLC,
a Florida for-profit corporation,

    Defendant.
_____/

**JOINT MOTION TO APPROVE SETTLEMENT AGREEMENTS AND
JOINT STIPULATION FOR DISMISSAL WITH PREJUDICE**

Plaintiffs, HUDSON TREVISAN, RODNEY BROCK, AND GIOVANNI FALZONE, and Defendant, SOMERSET PHASE IV & PHASE V, LLC (collectively the "Parties"), by and through their undersigned counsel, jointly notify the Court that the Parties have resolved the claims in this matter and hereby stipulate to the voluntary dismissal with prejudice of this action in its entirety pursuant to Fed. R. Civ. P. 41(a)(1), subject to the Court's review and approval of the settlement agreements.

The Parties jointly move the Court for entry of an Order approving the Parties' settlement agreements and for dismissal of this action, with prejudice. To facilitate the Court's review of the Parties' settlement agreements (the "Agreements"), a copy of the executed Agreements will be provided for *in camera* review.

**I.    Background**

Plaintiffs assert claims in this action for alleged unpaid overtime wages pursuant to the Fair

Labor Standards Act, 29 U.S.C. § 201, *et. seq.* ("FLSA").

Defendants deny Plaintiffs' claims asserting, *inter alia*, that Defendant paid Plaintiffs all compensation to which they were entitled.

From the onset of this litigation, the Parties laid out their respective positions on the facts and law. Ultimately, the Parties were able to negotiate and agree on a settlement of this action under the terms set out in the Settlement Agreements.

## II.     Legal Principles

Under well-established law, there are two ways in which claims under the FLSA can be settled and released by employees. First, 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employees is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the court enters a judgment approving the fairness of the settlement. *Id.; see also Schulte, Inc. v Gandi*, 328 U.S. 108 (1946); *Jarrad v. Southeastern Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947). In addressing the circumstances justifying court approval of an FLSA settlement in the litigation context, the Eleventh Circuit has explained:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial contact. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable comprise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354.

The settlement of the instant action involves just such a situation in which the Court may approve the Parties' settlement to resolve and release Plaintiffs' FLSA claims. The proposed settlement arises out of an action brought by the Plaintiffs against their former employer, which is adversarial in nature. *See Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247 (5th Cir. 2012) (Lynn's Food Stores, Inc. fairness concerns not implicated regarding settlement that occurred within the context of a lawsuit where a plaintiff-employee is represented by counsel), *followed by Smith v. Tri-City Transmission Serv.*, 2012 U.S. Dist. LEXIS 119428 (D. Ariz. Aug. 23, 2012). During the litigation and settlement of this action, Plaintiffs were and are represented by experienced counsel.

The Parties' settlement of the unpaid overtime wage claim is the result of a bona fide compromise between them on a variety of disputes of law and fact, including without limitation: (a) whether Plaintiffs' on-call time was compensable, (b) if Plaintiffs' on-call time was compensable and Plaintiffs were owed any wages, what rate should be applied, and (c) whether Defendant's actions were non-willful and taken in good faith.

The following factors are typically considered by the Court in determining the reasonableness of the agreement:

(1) the existence of fraud or collusion behind the settlement;
(2) the complexity, expense, and likely duration of the litigation;
(3) the stage of the proceedings and the amount of discovery completed;
(4) the probability of plaintiff's success on the merits;
(5) the range of possible recovery; and
(6) the opinions of the counsel.

*Hamilton v. Frito-Lay, Inc.*, 6:05-CV-592-ORL-22JGG, 2007 WL 328792 (M.D. Fla. Jan. 8, 2007) *report and recommendation adopted,* 6:05-CV-592-ORL-22JGG, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007).

As to the *first factor*, there is no fraud or collusion behind the settlement. Plaintiffs, represented by counsel, filed a claim for unpaid overtime wages against Defendant, also represented by counsel. Both parties are represented by counsel experienced in FLSA matters and routinely litigate labor and employment matters. The parties have decided to resolve the claim only due to the disputed issues of facts and inherent risks of litigation. *Infra.*

As to the *second factor*, a trial has been scheduled for the two-week period of June 19, 2020. The parties would be required to submit to depositions, as well as undertake the deposition of third-party witnesses in the case. The parties would have had to expend significant time and resources in preparation for trial, as well as attend a two to three-day trial. Additionally, there is the possibility that the non-prevailing party may appeal the verdict, albeit the statistical possibility of an appeal cannot be presently ascertained. The expense of litigation to the Defendant is far greater than the amount of the settlement.

As to the *third factor*, the litigation is currently in the discovery phase. The Parties intended to depose the other's clients and numerous witnesses. The parties have also discussed the disputed issues, which spurred settlement.

As to the *fourth factor*, there are several disputed issues. The parties dispute (a) whether Plaintiffs' on-call time was compensable, (b) if Plaintiffs' on-call time was compensable and Plaintiffs were owed any wages, what rate should be applied, and (c) whether Defendant's actions were non-willful and taken in good faith. Thus, there is a *bona fide* dispute as to whether Plaintiffs' on-call hours were compensable.

Additionally, Plaintiffs contend the alleged FLSA violations lacked good faith and liquidated damages should be imposed. Defendant alleges they acted in good faith and that their actions or omissions were based on reasonable grounds for believing that they were not a violating the FLSA. Assuming, *arguendo*, Defendant's position is correct, Plaintiffs would be precluded from recovering liquidated damages. Thus, Plaintiffs' recovery, if any, could be limited to the unliquidated wage portion which, in turn, severely limits their damages.

As to the *fifth factor*, should Defendant have prevailed based on any of their defenses, Plaintiffs potentially may have recovered far less than what is claimed in the Complaint, not recovered anything, or may have owed a cost judgment to the Defendant. Should Plaintiffs prevail, the Defendant may potentially fail on all defenses and be indebted to the Plaintiffs for a Judgment for wages, for part or the entire of Plaintiffs' claim, as well as an award for liquidated damages, and attorney's fees and costs. Consequently, the parties recognize the inherent uncertainty in proceeding with this action, the preoccupation of litigation, the investiture of additional time to continue to litigate this case, the additional expenditure of fees and costs that will accrue as this matter moves forward (especially to Trial), the uncertainty of whether any money judgment would be collectable, and the possibility that such a judgment would be discharged in bankruptcy. In recognition of these concerns, the Parties have agreed to resolve this action.

Plaintiffs' attorneys' fees and costs were, at all times, negotiated separately from the amounts claimed by Plaintiffs for their underlying claims and are not a function of any percentage of recovery. As the Court explained in *Bonetti v. Embarq Management Co.*, 2009 U.S. Dist. LEXIS 68075 at *11-12 (M.D. Fla. Aug. 4, 2009), where a "plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was

adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Bonetti*, 2009 U.S. Dist. LEXIS 68075 at *15-16. A detailed report containing every time and cost entry in this case will be separately e-mailed for *in camera* review. The Parties respectfully submit that Plaintiffs' counsel is receiving a reduced amount in attorneys' fees and costs.

The settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. Plaintiffs and their counsel discussed the viability of Plaintiffs' claims and formulated their own proposed settlement figures. The Parties then continued to engage in settlement discussions based upon their independent calculations.

The Parties, through their attorneys, voluntarily agreed to the terms of their settlement during negotiations. All Parties were counseled and represented by their respective attorneys through the litigation and settlement process. The Agreements have been signed by the Parties.

## III. Conclusion

The Parties jointly request that this Court approve the Parties' settlement agreements and request that the Court dismiss this action with prejudice.

CASE NO. 19-CV-62503-HUNT

Respectfully submitted,

| | |
|---|---|
| *s/ Brody M. Shulman* | *s/ Mendy Halberstam* |
| J. Freddy Perera, Esq. | Mendy Halberstam, Esq. |
| Florida Bar No. 93625 | Florida Bar No. 68999 |
| E-mail: *freddy@pba-law.com* | Email: *mendy.halberstam@jacksonlewis.com* |
| Valerie Barnhart, Esq. | Leslie Lagomasino Baum, Esq. |
| Florida Bar No. 88549 | Florida Bar No. 1007655 |
| E-mail: *valerie@pba-law.com* | Email: *leslie.baum@jacksonlewis.com* |
| Brody M. Shulman, Esq. | JACKSON LEWIS P.C. |
| Florida Bar No. 092044 | One Biscayne Tower, Suite 3500 |
| E-mail: *brody@pba-law.com* | Two South Biscayne Boulevard |
| PERERA BARNHART ALEMAN | Miami, Florida 33131 |
| 12555 Orange Drive | Telephone: (305) 577-7600 |
| Second Floor | Facsimile: (305) 373-4466 |
| Davie, FL 33330 | |
| Telephone: (786) 485-5232 | |
| | |
| *Attorneys for Plaintiffs* | *Attorneys for Defendant* |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 3, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notice of Electronic Filing generated by CM/ECF and Electronic Mail.

*s/ Mendy Halberstam*
Mendy Halberstam, Esq.

CASE NO. 19-CV-62503-HUNT

**SERVICE LIST**
**United States District Court for the Southern District of Florida**
*Hudson Trevisan, et al. v. Somerset Phase IV &Phase V, LLC*
**CASE NO.: 19-CV-62503- HUNT**

| | |
|---|---|
| J. Freddy Perera, Esq.<br>Florida Bar No. 93625<br>E-mail: *freddy@pba-law.com*<br>Valerie Barnhart, Esq.<br>Florida Bar No. 88549<br>E-mail: *valerie@pba-law.com*<br>Brody M. Shulman, Esq.<br>Florida Bar No. 092044<br>E-mail: *brody@pba-law.com*<br>PERERA BARNHART ALEMAN<br>12555 Orange Drive<br>Second Floor<br>Davie, FL 33330<br>Telephone: (786) 485-5232<br><br>*Attorneys for Plaintiffs* | Mendy Halberstam, Esq.<br>Florida Bar No. 68999<br>Email: *mendy.halberstam@jacksonlewis.com*<br>Leslie Lagomasino Baum, Esq.<br>Florida Bar No. 1007655<br>Email: *leslie.baum@jacksonlewis.com*<br>JACKSON LEWIS P.C.<br>One Biscayne Tower, Suite 3500<br>Two South Biscayne Boulevard<br>Miami, Florida 33131<br>Telephone: (305) 577-7600<br>Facsimile: (305) 373-4466<br><br>*Attorneys for Defendant* |